UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANIEL LEE SCHMIDT,

    Petitioner,

  v.          Case No. 18-cv-29-pp

RANDALL HEPP,

    Respondent.

## ORDER GRANTING PETITIONER'S MOTION TO EXTEND TIME TO FILE MOTION/BRIEF (DKT. NO. 30) AND DENYING PETITIONER'S SECOND MOTION TO OBTAIN COURT APPOINTED COUNSEL (DKT. NO. 31)

On January 5, 2018, the petitioner filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254 challenging his 2014 conviction in Oconto County Circuit Court for two counts of first-degree intentional homicide. Dkt. No. 1; see also State v. Schmidt, Case No. 12CF000156 (Oconto County Circuit Court) (available at https://wcca.wicourts.gov). On January 5, 2021, the court overruled the petitioner's objections to Judge Duffin's report and recommendation, adopted the report, denied a motion to appoint counsel, denied the petition, dismissed the case and declined to issue a certificate of appealability. Dkt. No. 28. A week later, the petitioner filed a "motion to extend time to file motion/brief," dkt. no. 30, and a "motion to obtain court appointed counsel," dkt. no. 31. The court will grant the petitioner's motion for an extension of time and deny the petitioner's second motion to appoint counsel.

1

## I. Motion to Extend time to file motion/brief (Dkt. No. 30)

The petitioner contends that he has limited time to prepare filings and conduct research, in part due to new library restrictions resulting from the Covid-19 pandemic. Dkt. No. 30 at 1-2. The petitioner states that he has limited computer access in prison. Id. at 2-3. He says he has a fourteen-day deadline that expires on January 18, 2021, but because an inmate must request access to the law library five days in advance, he will be unable to prepare before that deadline expires. Id. at 3. Adding that he did not receive the court's order denying his petition and dismissing his case until January 9, 2021, the petitioner asks the court for a thirty-day extension, "until February 16th, 2021." He asserts that the extension is necessary to conduct legal research "to try to obtain appointed counsel through this court." Id.

A party dissatisfied with this court's final order may appeal the decision to the Court of Appeals for the Seventh Circuit by filing a notice of appeal within thirty days of the entry of judgment. See Fed. R. App. P. 3, 4. This court may extend that deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A). Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). A party has twenty-eight days from the entry of judgment to file a motion under Federal Rule of Civil Procedure 59(e). If a party wishes to file a motion under Federal Rule of Civil Procedure 60(b), he must do so within

a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend the Rule 59(e) and 60(b) deadlines. See Fed. R. Civ. P. 6(b)(2).

To the extent that the petitioner is seeking an extension of time to appeal the court's final order dismissing his case, the court will grant the motion. While the petitioner miscalculates[1] his deadline for filing the appeal, the court finds that he has shown good cause for why that deadline should be extended. The court will grant the petitioner an additional thirty days—until March 5, 2021. The court will not grant further extensions of that deadline. Along with this order, the court will send the plaintiff the form for filing an appeal.

It is possible that, instead of seeking an extension of the deadline to *appeal*, the plaintiff may have been seeking an extension of the deadline for filing either a Rule 59(e) or a Rule 60(b) motion. If the plaintiff was seeking to extend those deadlines, the court cannot grant that request. The Federal Rules of Civil Procedure do not allow the court to extend those deadlines.

## II.    Motion to obtain court appointed counsel (Dkt. No. 31)

The petitioner reiterates that he is indigent and that his incarceration limits his ability to retain counsel on his own. Dkt. No. 31 at 1. He claims that he has "attempted to contact numerous attorneys but was denied assistance because of being indigent." Id. He explains that he has "also tried to receive assistance through multiple innocent projects, but was denied generally

---

[1] The court entered judgment on January 5, 2021, which gives the petitioner until February 4, 2021—not January 18, 2021—to file an appeal. Dkt. No. 29

3

because the type of case." Id. at 2. Asserting that he lacks the ability to properly file an appeal, the petitioner argues that he made numerous mistakes while litigating his *habeas* petition, "including missing a court deadline on one of [his] briefs/motion." Id. As he did in his motion for an extension, the petitioner discusses the limits on library access resulting from the Covid-19 pandemic. Id. at 3. The petitioner asserts that he is "no match knowledge wise to meet the standards of this court." Id. at 2-3.

The petitioner previously requested, and the court denied, appointment of counsel. Dkt. No. 28 at 16-19. When the court denied the prior motion, it explained the relevant standard and its reasons for the denial. Id. The petitioner does not provide any new information in this motion, other than his assertion that he failed to file a supporting brief because he is not a lawyer. As the court explained when it denied the first motion to appoint counsel, the petitioner didn't need to be a lawyer to know he needed to file a brief—Judge Duffin's screening order instructed him to do so. Dkt. No. 28 at 18. More to the point, as the petitioner will see when he looks at the notice of appeal form, he does not need to be a lawyer to provide the small amount of information that form requests and send it in. If he timely files the notice of appeal, the Seventh Circuit Court of Appeals with notify him of the next steps he must take. If the petitioner feels he cannot perform those steps on his own, he may ask the Seventh Circuit to appoint counsel.

4

## III. Conclusion

The court **GRANTS** the petitioner's "Motion to Extend time to file motion/brief." Dkt. No. 30. The court **ORDERS** that the deadline for the petitioner to file his notice of appeal is **EXTENDED** to **March 5, 2021**.

The court **DENIES** the petitioner's "Motion to obtain court appointed counsel." Dkt. No. 31.

Dated in Milwaukee, Wisconsin this 20th day of January, 2021.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

5