UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANIEL LEE SCHMIDT,

        Petitioner,

v.                                    Case No. 18-cv-29-pp

RANDALL HEPP,

        Respondent.

**ORDER GRANTING PETITIONER'S MOTION FOR LEAVE TO APPEAL WITHOUT PREPAYING FILING FEE (DKT. NO. 39)**

On January 5, 2021, the court overruled the petitioner's objections to Judge William Duffin's report and recommendation, adopted the recommendation, denied the petitioner's motion to for appointment of counsel denied the petition and dismissed the case. Dkt. No. 28. The court entered judgment the same day. Dkt. No. 29. The petitioner filed a notice of appeal on February 9, 2021. Dkt. No. 33. On March 15, 2021, the Court of Appeals for the Seventh Circuit ordered the petitioner's motion for leave to appeal without prepaying the filing fee transferred to this court. Dkt. No. 38.

Under Federal Rule of Appellate Procedure 24(a)(3), a district court may allow an appellant to proceed without prepaying the appellate filing fee if it finds that the appellant is indigent and that the appellant filed the appeal in good faith. Fed. R. App. P. 24(a)(3). Because the Prison Litigation Reform Act does not apply to *habeas* cases, Walker v. O'Brien, 216 F.3d 626, 634 (7th Cir. 2000), the court decides whether a *habeas* appellant is indigent by relying on

1

the information the petitioner provides in his affidavit of indigence. See Martin v. United States, 96 F.3d 853, 855-56 (7th Cir. 1996). The petitioner's affidavit indicates that aside from $142.60 from "Vetern (sic) Affairs Disability," the petitioner has no monthly income. Dkt. No. 39 at 2. It indicates that he has no job. Id. The petitioner states that he has no assets beyond $37.38 in a savings account. Id. at 3. The petitioner also provided trust account statements from September 1, 2020 through February 28, 2021. Dkt. No. 40. As of February 28, 2021, the petitioner had $228.82 in his regular trust account, $57.22 in his release account and $237.98 in his release savings account. Id. at 6. The petitioner's affidavit of indigence lists $125.73 in monthly expenses. Dkt. No. 39 at 5. The court finds that the petitioner cannot pay the $505 filing fee.

As for good faith, a district court should not apply an inappropriately high standard when making a good faith determination. Pate v. Stevens, 163 F.3d 437, 439 (7th Cir. 1998). An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involves "legal points arguable on their merits." Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting Anders v. California, 386 U.S. 738 (1967)); see also Coppedge v. United States, 369 U.S. 438, 445 (1962).

Although the court declined in its January 5, 2021 order to issue a certificate of appealability, the Seventh Circuit has warned district courts against conflating the good faith and certificate of appealability standards; declining to issue a certificate of appealability "is not enough to explain why the appeal on the merits would not be in good faith, because the standard

2

governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding." O'Brien, 216 F.3d at 634. "To determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." Id. On the other hand, an appeal taken in bad faith is one that is based on a frivolous claim—that is, a claim that no reasonable person could suppose has any merit. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000).

The court's January 5, 2021 order denied the petition because the court found that the state courts reasonably rejected the petitioner's claims. While the court thinks it unlikely that the Seventh Circuit will disagree, it cannot say that no reasonable person could suppose that any of the petitioner's claims have merit. Accordingly, the court cannot conclude that the appeal is frivolous. The court will grant the petitioner's motion for leave to appeal without prepaying the filing fee.

The court **GRANTS** the petitioner's motion for leave to appeal without prepaying the filing fee. Dkt. No. 39.

Dated in Milwaukee, Wisconsin this 25th day of March, 2021.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
